**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE KLEIN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-04181-GF |
| Plaintiff, | CLASS ACTION |
| v. | Honorable Gary Feinerman |
| ITERUM THERAPEUTICS PLC, COREY N. FISHMAN, and JUDITH M. MATTHEWS, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JACOB BREVARD AND MAY HLAING'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT........................................................................................................................ 4

    I.     APPOINTMENT OF MOVANTS AS CO-LEAD PLAINTIFFS IS
          APPROPRIATE.............................................................................................. 4

        A.     The Procedure Required by the PSLRA ...................................................... 4

             1.     Movants Are Willing to Serve as Class Representatives...................................... 5

             2.     Movants Have the Requisite Financial Interest in the Relief Sought by the Class. ................................................................................................ 5

        B.     Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23(a). .......... 6

             1.     Movants' Claims Are Typical of the Claims of All Class Members.................... 7

             2.     Movants Will Adequately Represent the Class. ................................................... 8

    II.    APPROVAL OF MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE. .............. 9

    III.   CONCLUSION.......................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018)................................. 6

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ......................................................................................... 7

*Deinnocentis v. Dropbox, Inc.,*
2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)............................................................ 10

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005).......................................................................................................... 6

*In re Groupon Secs. Litig.*,
Master File No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012)............... 6

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)................................................................................... 1, 7

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................................. 7

*Maiden v. Merge Techs., Inc.*,
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)................................ 5

*Malriat v. Quantumscape Corp.*,
2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ......................................................... 9

*Nickerson v. American Electric Power Company, Inc., et al.,*
No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) ...................................................... 10

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) ................................................................................... 7

*Snyder v. Baozun Inc.,*
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)......................................................... 10

*Subramanian v. Watford, et. al.*,
2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)........................................................... 9

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005).......................................................................... 6, 7, 8

*White Pine Invs. v. CVR Ref.,*
2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)................................................... 9

**Statutes**

15 U.S.C. § 78u-4(a)(1) ........................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................... 1, 6, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..................................................................................... 4, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................. 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ....................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................................... 8, 9

15 U.S.C. § 78u-4(e) ............................................................................................................ 5

**Rules**

FED. R. CIV. P. 23 ........................................................................................................ *passim*

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired securities of Iterum Therapeutics plc ("Iterum" or the "Company") between November 30, 2020 and July 23, 2021, inclusive ("Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Corey N. Fishman ("Fishman"), and Judith M. Matthews ("Matthews") (collectively the "Defendants", and all defendants other than the Company, collectively, the "Individual Defendants").[1]

Jacob Brevard and May Hlaing ("Movants") collectively lost approximately $251,662.45 as a result of the alleged fraud during the Class Period. Movants respectfully submit this Memorandum of Law in support of their Motion for: (1) appointment as co-lead plaintiffs ("Co-Lead Plaintiffs") pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and (2) approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel.

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant(s) that has the largest financial interest in the litigation who has also made a *prima facie* showing that it is an adequate class representative(s) under Federal Rule of Civil Procedure 23. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movants satisfy both requirements.

Movants believe that they have the largest financial interest in the outcome of the case.[2] As such, Movants meet the requirements of the PSLRA for appointment as Co-Lead Plaintiffs.

---

[1] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[2] Certifications from Movants, as required by the PSLRA, as well as charts detailing their losses, are attached to the Declaration of Carol V. Gilden, dated October 4, 2021 ("Gilden Decl."), as Exhibits A and B, respectively.

Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.[3]

Accordingly, Movants submit that they should be appointed Co-Lead Plaintiffs. Additionally, Movants respectfully submit that their selection of Levi & Korsinsky as Lead Counsel and Cohen Milstein as Liaison Counsel is appropriate for approval by this Court to represent the Class.

## STATEMENT OF FACTS

Iterum is a clinical-stage pharmaceutical company that engages in developing anti-infectives for multi-drug resistant pathogens in Ireland and the U.S. ¶ 2. The Company is developing sulopenem, a novel anti-infective compound with oral and intravenous ("IV") formulations that is in Phase III clinical trials for the treatment of, among other medical issues, uncomplicated urinary tract infections ("uUTIs"). *Id.*

The Company submitted a New Drug Application ("NDA") in November 2020 to the U.S. Food and Drug Administration ("FDA") for sulopenem etzadroxil/probenecid (oral sulopenem) for the treatment of uUTIs in patients with a quinolone non-susceptible pathogen (the "sulopenem NDA"). ¶ 3.

Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the sulopenem NDA lacked sufficient data to support approval for the treatment of adult women with uUTIs caused by designated susceptible microorganisms proven or strongly suspected to be non-susceptible to a quinolone; (ii) accordingly, it was unlikely that the FDA would approve the sulopenem NDA in its current form; (iii) Defendants downplayed the severity of

---

[3] The Action defines the "Class" as all persons and entities "that purchased or otherwise acquired Iterum securities." Excluded from the Class are the Defendants, the officers and directors of Iterum, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

2

issues and deficiencies associated with the sulopenem NDA; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4.

Iterum issued a press release on July 1, 2021 "announc[ing] that the Company received a letter from the [FDA] stating that, as part of their ongoing review of the [sulopenem NDA], the agency has identified deficiencies that preclude the continuation of the discussion of labeling and post marketing requirements/commitments at this time." ¶ 5. The press release further noted that "[n]o details with respect to deficiencies were disclosed by the FDA in this notification and the letter further states that the notification does not reflect a final decision on the information under review." *Id.* In response to this disclosure, Iterum's ordinary share price declined 37.99%, or $0.87 per share, to close on July 2, 2021 at $1.42 per share. ¶ 6.

Then, on July 26, 2021, Iterum issued a press release announcing that it had received a Complete Response Letter ("CRL") from the FDA for the sulopenem NDA, "provid[ing] that the FDA has completed its review of the NDA and has determined that it cannot approve the NDA in its present form." ¶ 7. Specifically, "the FDA determined that additional data are necessary to support approval for the treatment of adult women with [uUTIs] caused by designated susceptible microorganisms proven or strongly suspected to be non-susceptible to a quinolone[,]" while "recommend[ing] that Iterum conduct at least one additional adequate and well-controlled clinical trial, potentially using a different comparator drug[,]" and "conduct further nonclinical investigation to determine the optimal dosing regimen . . . ." *Id.*

In response to this news, Iterum's ordinary share price plummeted 44.16%, or $0.499 per share, to close on July 26, 2021 at $0.631 per share. ¶ 8.

3

## ARGUMENT

I.  **APPOINTMENT OF MOVANTS AS CO-LEAD PLAINTIFFS IS APPROPRIATE.**

### A.  The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses to which they are subject. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed Co-Lead

Plaintiffs in this action.

### 1. Movants Are Willing to Serve as Class Representatives.

On August 5, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act announcing that a securities class action had been filed against Iterum and certain of its officers and directors and advising putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as Lead Plaintiff in the Action.[4]

Movants have reviewed the complaint filed in the Action and timely filed the instant Motion pursuant to the Notice.

### 2. Movants Have the Requisite Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class. *See* Loss Chart, Gilden Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citation omitted).

Under the PSLRA, damages are calculated based on: (1) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; or (2) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

---

[4] The Notice was published over *PRNewswire*, a widely-circulated national business-oriented wire service. *See* Press Release, Gilden Decl., Ex. C.

During the Class Period, Movants purchased Iterum securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movants purchased Iterum securities during the Class Period and lost $251,662.45. *See* Loss Chart, Gilden Decl., Ex. B. Importantly, pursuant to the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), only losses incurred as a result of the fraud alleged against the Defendants can be considered when determining the largest financial interest. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *11-12 (N.D. Ill. June 26, 2018) (excluding losses incurred by selling securities prior to corrective disclosures in underlying action). To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger recoverable financial interest and also satisfy Rule 23.

**B. Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23(a).**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Sec. Litig.*, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the

6

remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp*., 1997 U.S. Dist. LEXIS 11866, at \*20 (N.D. Ill. Aug. 6, 1997).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Co-Lead Plaintiffs.

**1. Movants' Claims Are Typical of the Claims of All Class Members.**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically to all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225, 232-33 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movants plainly meet the typicality requirement of Rule 23 because they: (1) suffered the same injuries as the absent class members; (2) suffered as a result of the same course of conduct by Defendants; and (3) have claims based on the same legal issues. *See Takara Trust*, 229 F.R.D. at 580.

In this case, the typicality requirement is met because the claims of Movants are identical to, and neither compete nor conflict with, the claims of other Class members. Movants, like other members of the Class, purchased Iterum securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, the claims of Movants are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3). *See Tellabs*, 214 F.R.D. at 228.

**2. Movants Will Adequately Represent the Class.**

Movants are adequate class representatives. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is any evidence of antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Takara Trust*, 229 F.R.D. at 580.

Movants' interests are clearly aligned with those of other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of other Class members, but Movants have a significant and compelling interest in prosecuting this action based on the large financial losses they suffered as a result of the alleged wrongful conduct. This motivation, combined with Movants' identical interest with the members of the Class, demonstrates that Movants will vigorously pursue the interests of the Class.

In addition, Movants have retained counsel highly experienced in prosecuting securities class actions, and herewith submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movants will prosecute the action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive Co-Lead Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and their appointment as Co-Lead Plaintiffs in this action is appropriate.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of

8

this case, the responsibilities and duties of serving as a co-lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Gilden Decl. Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

## II. APPROVAL OF MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Cohen Milstein as the proposed Liaison Counsel. The members of Levi & Korsinsky and Cohen Milstein have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Gilden Decl., Ex. E (Firm Résumés of Levi & Korsinsky and Cohen Milstein). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. *See Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) (appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently

qualified to conduct this litigation"); *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as Co-Lead Plaintiffs for the Class in the Action and (2) approve Movants' selection of Levi & Korsinsky as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: October 4, 2021                                    Respectfully submitted,


                                                 **COHEN MILSTEIN SELLERS & TOLL PLLC**

                                                 */s/ Carol V. Gilden*
                                                 Carol V. Gilden (Bar No. 6185530)
                                                 190 South LaSalle Street
                                                 Suite 1705
                                                 Chicago, IL 60603
                                                 Tel.: 312-357-0370

                                                 *Liaison Counsel for Movants and [Proposed] Liaison Counsel for the Class*

                                                 **LEVI & KORSINSKY, LLP**
                                                 Shannon L. Hopkins*
                                                 1111 Summer Street, Suite 403
                                                 Stamford, CT 06905
                                                 Phone: (203) 992-4523
                                                 shopkins@zlk.com
                                                 *pro hac vice to be submitted*

                                                 *Counsel for Movants and [Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I, Carol V. Gilden, the undersigned attorney, hereby certify that on the 4th day of October, 2021, I caused to be served a copy of the within and **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JACOB BREVARD AND MAY HLAING'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL** via the Court's CM/ECF system, on all counsel of record.

*/s/ Carol V. Gilden*
Carol V. Gilden

11