UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated, ) ) | Case No.  1:21-cv-04181 |
| ) | |
| Plaintiff, ) | <u>CLASS ACTION</u> |
| ) ) | Judge Gary Feinerman |
| vs. ) | |
| ) | |
| ITERUM THERAPEUTICS PLC, et al., ) ) | |
| ) | |
| Defendants. ) ) | |
| ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4823-9526-2717.v1

## I.    INTRODUCTION

This securities class action lawsuit was filed on August 5, 2021 on behalf of purchasers or acquirers of Iterum Therapeutics plc ("Iterum" or the "Company") securities between November 30, 2020 and July 23, 2021, both dates inclusive (the "Class Period").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Ian Grocher, Thomas L. Sullivan, and Gert-Paul van' t Hoff  (collectively, the "Movants") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Movants' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Iterum is organized under the laws of Ireland with its principal executive offices located in Dublin, Ireland.  The offices of the Company's U.S. operations are located in Chicago, Illinois. Iterum is a clinical-stage pharmaceutical company that engages in developing anti-infectives for multi-drug resistant pathogens in Ireland and the U.S.  The Company is developing sulopenem, a novel anti-infective compound with oral and intravenous formulations that is in Phase III clinical trials for the treatment of, among other medical issues, uncomplicated urinary tract infections ("uUTIs").  In November 2020, Iterum submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for sulopenem etzadroxil/probenecid (oral sulopenem) for

- 1 -

the treatment of uUTIs in patients with a quinolone non-susceptible pathogen (the "sulopenem NDA").

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the sulopenem NDA lacked sufficient data to support approval for the treatment of adult women with uUTIs caused by designated susceptible microorganisms proven or strongly suspected to be nonsusceptible to a quinolone; (ii) accordingly, it was unlikely that the FDA would approve the sulopenem NDA in its current form; (iii) defendants downplayed the severity of issues and deficiencies associated with the sulopenem NDA; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 1, 2021, Iterum issued a press release "announc[ing] that the Company received a letter from the [FDA] stating that, as part of their ongoing review of the [sulopenem NDA], the agency has identified deficiencies that preclude the continuation of the discussion of labeling and post marketing requirements/commitments at this time." ECF No. 1 at ¶5. The press release further stated that "[n]o details with respect to deficiencies were disclosed by the FDA in this notification and the letter further states that the notification does not reflect a final decision on the information under review." *Id.* On this news, Iterum's ordinary share price fell almost 38%, to close at $1.42 per share on July 2, 2021.

Then, on July 26, 2021, Iterum issued a press release announcing that it had received a Complete Response Letter ("CRL") from the FDA for the sulopenem NDA, "provid[ing] that the FDA has completed its review of the NDA and has determined that it cannot approve the NDA in its present form." ECF No. 1 at ¶7. Specifically, "the FDA determined that additional data are necessary to support approval for the treatment of adult women with [uUTIs] caused by designated

- 2 -

susceptible microorganisms proven or strongly suspected to be non-susceptible to a quinolone[,]" while "recommend[ing] that Iterum conduct at least one additional adequate and well-controlled clinical trial, potentially using a different comparator drug[,]" and "conduct further nonclinical investigation to determine the optimal dosing regimen." *Id.* On this news, Iterum's ordinary share price fell 44%, to close at $0.631 per share on July 26, 2021.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Iterum's securities, the Movants and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Movants Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 5, 2021 via *PRNewswire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 3 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Movants meet these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Motion Is Timely

The August 5th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 2, 2021.  *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  October 2 was a Saturday.  Pursuant to Rule 6(a)(1)(C), when a due date falls on a weekend, the deadline "continues to run until the end of the next day that is not a [weekend]," which is Monday, October 4, 2021.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Because the Movants' motion was timely filed by October 4th, they are eligible for appointment as lead plaintiff.

### 2.    The Movants Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Movants have a significant financial interest stemming from the purchase of 935,142 shares of Iterum during the Class Period, resulting in approximately $841,000 in losses as a result of defendants' alleged misconduct.  *See* Motion, Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Movants Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are

- 4 -

4823-9526-2717.v1

typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'"" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

The Movants satisfy both requirements. Indeed, their claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Movants: (1) purchased Iterum securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Movants' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

The Movants also satisfy the adequacy requirement. The Movants have submitted sworn Certifications and a Joint Declaration confirming their willingness and ability to serve as lead plaintiff. *See* Motion., Exs. B, D. The Joint Declaration submitted in support of their lead plaintiff motion was executed after a joint conference call held between the members of the group to discuss, among other things, proposed litigation strategy, protocols to ensure efficient communication, and their commitment to oversee lead counsel and this litigation. And, as further detailed below and in their Joint Declaration, the Movants retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See* Motion, Ex. D at ¶8.

Because the Movants filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.      The Court Should Approve the Movants' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Movants have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1] Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, ECF No. 61 (N.D. Ill. Dec. 10, 2020) (Coleman, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Mortimer*, 2019 WL 3252221, at *2 (same).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4823-9526-2717.v1

largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id*. Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

As a result, the putative class's interests in this case will be well represented if the Court approves the Movants' selection of Robbins Geller as Lead Counsel.

---

[2]     *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

## IV.    CONCLUSION

The Movants satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Movants respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: October 4, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS (ILND-GB-5711)
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ


s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 8 -

4823-9526-2717.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 4, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

4823-9526-2717.v1

# Mailing Information for a Case 1:21-cv-04181 Klein v. Iterum Therapeutics plc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas F. Falkenberg**
  tff@falkenbergives.com,ag@falkenbergives.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)