**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVE KLEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ITERUM THERAPEUTICS PLC, COREY N. FISHMAN, and JUDITH M. MATTHEWS,<br><br>Defendants. | Case No. 1:21-cv-04181-GF<br><br>CLASS ACTION<br><br>Honorable Gary Feinerman |

**JACOB BREVARD AND MAY HLAING'S RESPONSE IN OPPOSITION TO
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT........................................................................................................................ 3

    I.    THE PSLRA DOES NOT ALLOW THE APPOINTMENT OF LEAD
        PLAINTIFFS WHO APPEAR UNABLE TO ADEQUATLY REPRESENT THE
        INTERESTS OF THE CLASS OR OTHERWISE WILL BE SUBJECT TO
        UNIQUE DEFENSES. ................................................................................................ 3

    II.   IAN GROCHER'S PERSONAL CIRCUMSTANCES CONFLICT WITH THE
        INTERESTS OF THE CLASS AND STAND TO PREVENT HIM FROM
        PROPERLY SERVING AS A LEAD PLAINTIFF. ....................................................... 4

    III.  GERT-PAUL VAN'T HOFF WILL HAVE TO DEFEND AGAINST
        ARGUMENTS OVER THE VALIDITY OF HIS ASSIGNMENT FROM PUBLIC
        INTEREST B.V. ......................................................................................................... 6

    IV.  GROCHER/SULLIVAN/HOFF WILL NOT FAIRLY AND ADEQUATELY
        REPRESENT THE CLASS............................................................................................ 8

    V.   THE COURT SHOULD APPOINT BREVARD/HLAING AS THE LEAD
        PLAINTIFFS. ............................................................................................................ 9

CONCLUSION.................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*In re Bally Total Fitness Sec. Litig.*,
2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005)....................................................... 4

*Baydale v. Am. Express Co.*,
2009 U.S. Dist. LEXIS 71668 (S.D.N.Y. Aug. 14, 2009) ............................................... 7

*Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*,
2012 U.S. Dist. LEXIS 161441 (N.D. Ill. Nov. 9, 2012)........................................... 9, 10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ............................................................................................ 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3rd Cir. 2001) ............................................................................................ 6

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*,
2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) ............................................... 10

*Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*,
2013 U.S. Dist. LEXIS 106246 (N.D. Ill. July 30, 2013)................................................. 4

*Culver v. City of Milwaukee*,
277 F.3d 908 (7th Cir. 2002) ....................................................................................... 3, 6

*Folding Cartons, Inc. v. Am. Can Co.*,
79 F.R.D. 698 (N.D. Ill. 1978)......................................................................................... 6

*Howard v. Ray's LLC*,
2011 U.S. Dist. LEXIS 113591 (S.D. Ind. 2011) ........................................................... 4

*Johnson v. GEICO Cas. Co.*,
673 F. Supp. 2d 255 (D. Del. 2009)................................................................................. 6

*Lifson v. Assisted Living Concepts, Inc.*,
2012 U.S. Dist. LEXIS 196521 (E.D. Wis. Nov. 14, 2012) ......................................... 10

*McDermid v. Inovio Pharm., Inc.*,
467 F. Supp. 3d 270 (E.D. Pa. 2020) .............................................................................. 9

*In re Peregrine Sys. Sec. Litig.*,
2002 U.S. Dist. LEXIS 27690 (S.D. Cal. 2002) ............................................................. 6

*Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America*,
275 F.R.D. 187 (S.D.N.Y. 2011) ..................................................................................... 7

*Rand v. Monsanto Co.,*
    926 F.2d 596 (7th Cir. 1991) ........................................................................................... 3

*Searcy v. eFunds Corp.,*
    No. 08-C-985, 2010 U.S. Dist. LEXIS 31627 (N.D. Ill. Mar. 31, 2010)....................................... 4

*In re SLM Corp. Sec. Litig.,*
    258 F.R.D. 112 (S.D.N.Y. 2009) ........................................................................................... 7

*Sokolow v. LJM Funds Mgmt.,*
    2018 U.S. Dist. LEXIS 107339 (N.D. Ill. June 26, 2018) ........................................................... 8

*Springer v. Code Rebel Corp.,*
    No. 16-cv-3492-AJN, 2017 U.S. Dist. LEXIS 29983 (S.D.N.Y. Mar. 2, 2017) ......................... 5

*Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.,*
    2012 U.S. Dist. LEXIS 118693 (D.N.J. Aug. 22, 2012)................................................................ 8

*In re Surebeam Corp. Sec. Litig.,*
    2003 U.S. Dist. LEXIS 25022 (S.D. Cal. 2004) ........................................................................... 6

*Susman v. Lincoln Am. Corp.,*
    561 F.2d 86 (7th Cir. 1977) ........................................................................................... 3

*Tsirekidze v. Syntax-Brillian Corp.,*
    2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008)................................................................ 9

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... passim

## PRELIMINARY STATEMENT

This securities fraud class action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which requires courts at the outset to appoint a "lead plaintiff" and "lead counsel" to oversee and conduct the litigation. 15 U.S.C. §78u-4(a)(3). The role of "lead plaintiff" is important insofar as the individuals appointed are trusted with overseeing their lawyers and serving in a fiduciary capacity to act in the best interests of their fellow class members. To aid courts in their decision, the PSLRA provides a straightforward process for assessing the competing applicants. It gives preference to the movant with the "largest financial interest" in the action. However, when that movant appears unable to properly oversee the litigation or otherwise serve in a representative capacity without conflict, the PSLRA instructs that they be disqualified and that the movant with the next largest financial interest be appointed instead. *Id*. at 15 U.S.C. §78u-4(a)(3)(B)(iii).

The motions[1] presently before the Court call for this precise sort of analysis and result. Jacob Brevard and May Hlaing ("Brevard/Hlaing") claim losses, or a "financial interest" in the litigation, of over $250,000. ECF No. 17-2. In opposition, Ian Grocher, Thomas L. Sullivan, and Gert-Paul van't Hoff on behalf of himself and a foreign entity named Public Interest B.V. ("Grocher/Sullivan/Hoff") claim losses of over $840,000. ECF No. 19-3. While Grocher/Sullivan/Hoff's claimed losses are greater than those of Brevard/Hlaing, the former pose acute adequacy and conflict issues that severely undermine their bid to serve as lead plaintiff.

Grocher/Sullivan/Hoff submitted a joint declaration to the Court in support of their initial motion papers. In the declaration, Mr. Grocher introduced himself as a "music artist and entrepreneur" who "founded . . . a number of event production, sponsorship marketing, and talent booking companies" with "over 10 years of investing experience." ECF No. 19-4 at ¶2. Absent from

---

[1] Movants Sean Hegarty and Steven Pagliaro filed a notice of non-opposition effectively withdrawing their motion for appointment as lead plaintiff. ECF No. 31.

his declaration though was any mention of his strained financial circumstances, including federal tax liens, delinquent child support payments, and bankruptcy. He also made no mention of the civil assault lawsuits presently pending against him. Mr. Grocher's omissions suggest that his group members, Messrs. Sullivan and Hoff, are also unaware of these matters and therefore have not anticipated whether or to what extent these matters might impact their ability to work "jointly" as a lead plaintiff group. *Id.* at ¶¶5-9. Compounding this issue is the fact that Mr. Hoff purports to represent the interests of several other individuals whom he describes as his "partners" in a foreign entity named Public Interest B.V. *Id.* at ¶4. These partners likewise can be expected to be unaware of Mr. Grocher's financial problems and pending lawsuits and, when discovered, may no longer wish for Mr. Hoff to represent them, or for Public Interest B.V. to be associated with Mr. Grocher.

Additional problems pervade Grocher/Sullivan/Hoff's motion. Though Mr. Hoff claims to represent the interests of Public Interest B.V., the assignment on which he relies is facially invalid. Mr. Hoff represents that Public Interest B.V. is owned by four foreign corporate entities: C Van Luijk Holding B.V.; NL Projects B.V.; Rener B.V.; and Tjom Beheer B.V. Although Mr. Hoff's assignment shows signatures on behalf of these corporate entities, there is no indication that these signatories were authorized to act on behalf of the corporate entities they purport to represent. The validity of Mr. Hoff's assignment and/or the lack of authority of its signatories presents a unique defense to Mr. Hoff's ability to serve as a class representative.

These issues are unbecoming, certainly in the instance of Mr. Grocher. However, the PSLRA requires that they be considered as part of the Court's analysis into the adequacy of potential lead plaintiffs prior to appointment. Counsel for Brevard/Hlaing attempted to discretely obtain further information from Grocher/Sullivan/Hoff's counsel prior to submitting this brief. However, Grocher/Sullivan/Hoff's counsel refused to provide anything or otherwise assuage Brevard/Hlaing's concerns. Consequently, Brevard/Hlaing oppose their motion and respectfully request appointment

2

of themselves and their counsel as lead plaintiff and lead counsel.

## ARGUMENT

**I.      THE PSLRA DOES NOT ALLOW THE APPOINTMENT OF LEAD PLAINTIFFS WHO APPEAR UNABLE TO ADEQUATLY REPRESENT THE INTERESTS OF THE CLASS OR OTHERWISE WILL BE SUBJECT TO UNIQUE DEFENSES.**

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B). The lead plaintiff is often the movant who possesses "the largest financial interest in the relief sought by the class" *so long as he or she also* "satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Where the facts suggest that an individual "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class," they should not be appointed as lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

Class actions "requir[e] careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff . . . whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests." *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002). Thus, "Rule 23 contemplates, and the district court should insist on, a conscientious representative plaintiff." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). "Whether a party would adequately protect the interests of the class is a question of fact depending on the circumstances of each case." *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). "Integrity and credibility are appropriate characteristics to examine when determining if an individual would make an adequate representative because a lead

plaintiff will act as a fiduciary for his absent cohorts." *Howard v. Ray's LLC*, 2011 U.S. Dist. LEXIS 113591, at *14 (S.D. Ind. 2011). "The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Searcy v. eFunds Corp.,* No. 08-C-985, 2010 U.S. Dist. LEXIS 31627, at *15 (N.D. Ill. Mar. 31, 2010).

Similarly, where a potential lead plaintiff appears "subject to" a unique defense, he or she is ineligible to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). This is because the "unique defense" will take "time and attention" away from the issues common to the class and "distract" the focus of the litigation. *See In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. Mar. 15, 2005) (disqualifying in-and-out trader where defense was likely to be raised even if unsuccessfully in the end); *see also Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, 2013 U.S. Dist. LEXIS 106246, at *15 (N.D. Ill. July 30, 2013) (holding "unique defense" existed where retirement fund "may" face motion to dismiss based on lack of standing).

## II.  IAN GROCHER'S PERSONAL CIRCUMSTANCES CONFLICT WITH THE INTERESTS OF THE CLASS AND STAND TO PREVENT HIM FROM PROPERLY SERVING AS A LEAD PLAINTIFF.

Mr. Grocher currently faces several pressing matters. They will demand his attention and, despite any best intentions, will surely take priority over the litigation of this class action lawsuit given their nature. More problematic is the reality that they will push Mr. Grocher to act in his own self-interest to the detriment of the class members he is supposed to represent. These matters include:

- Federal tax liens. Mr. Grocher faces tax liens from the Internal Revenue Service. They are not trivial amounts. Notices of Federal Tax Liens from between September 2016 and October 2020 show that the Internal Revenue Services presently has liens against Mr. Grocher in the amount of $257,737.97. Mr. Grocher also had previous tax liens in the amount of $73,011.62 dating back to 2014. (Gilden Supp. Decl., Ex. A)

4

- Delinquent child support payments. Mr. Grocher is also in arrears on child support payments. As of September 24, 2019, he was delinquent in the amount of $5,904. (Gilden Supp. Decl., Ex. B)

- Civil lawsuits. Mr. Grocher is a defendant in a lawsuit filed by his former "tour manager" accusing him *inter alia* of battery in February 2016. He is also involved in a separate unrelated lawsuit whereby his actions during a September 2018 "perform[ance]" at the "LIV nightclub" at the Fontainebleau Miami Beach hotel led to the alleged injury of the plaintiff. (Gilden Supp. Decl., Ex. C).

- Bankruptcy. Mr. Grocher filed for voluntary bankruptcy in July 2012. Although the petition represented less than $50,000 of assets compared to over $1 million in liabilities, Mr. Grocher did not follow through with the bankruptcy. The petition was dismissed. (Gilden Supp. Decl. Ex. D).

Adequacy is determined on a case by case, plaintiff by plaintiff basis. *See Springer v. Code Rebel Corp.,* No. 16-cv-3492-AJN, 2017 U.S. Dist. LEXIS 29983, at *6 (S.D.N.Y. Mar. 2, 2017) (Lead plaintiff movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23."). Here, Mr. Grocher's personal circumstances, specifically his financial troubles and pending litigation, are present issues of concern and stand to interfere with his ability to give due attention to this litigation.[2]

Counsel for Mr. Grocher may argue that "[s]ome of these cases . . . are not germane [to] this action, and in and of themselves, would probably not call into question the adequacy of Mr. [Grocher's] representation." *Johnson v. GEICO Cas. Co.,* 673 F. Supp. 2d 255, 279 (D. Del. 2009).

---

[2] Counsel for Brevard/Hlaing contacted Mr. Grocher's counsel for information on the above matters and to ensure that Mr. Grocher's identity was not being mistaken for another individual with the same name. Mr. Grocher's counsel refused to provide any information on the basis that "discovery" was not warranted. (Gilden Supp. Decl. Ex. E)

However, the tax liens, child support obligations, past bankruptcy, and current civil lawsuits all combine to "raise questions about Mr. [Grocher's] financial dealings," which "calls into question Mr. [Grocher's] adequacy to serve as a [lead plaintiff]." *Id*. Indeed, a lead plaintiff "'serves as a fiduciary to advance and protect the interests of those whom he purports to represent; their interests are entrusted to the fiduciary's diligence and successful protection of the class depends upon the named plaintiff.'" *In re Peregrine Sys. Sec. Litig*., 2002 U.S. Dist. LEXIS 27690, at \*37 (S.D. Cal. 2002). Thus, "[o]n more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary." *In re Surebeam Corp. Sec. Litig.,* 2003 U.S. Dist. LEXIS 25022, at \*21-\*22 (S.D. Cal. 2004) (citing cases).

"[I]t is crucial to consider with great care the suitability of the plaintiff to act as class representative" because he "serves as a guardian of the interests of the class and because of this fiduciary relationship he must be held to a high level of responsibility." *Folding Cartons, Inc. v. Am. Can Co.,* 79 F.R.D. 698, 703 (N.D. Ill. 1978); *In re Cendant Corp. Litig*., 264 F.3d 201, 267 (3rd Cir. 2001) (noting that one of the PSLRA's goals was to have "an engaged lead plaintiff actively supervise the conduct of the litigation"). Mr. Grocher's counsel asks this Court to appoint as a fiduciary of the class an individual with a demonstrated ***inability*** to manage his own finances and comply with the law. This is decidedly not the type of fiduciary Congress intended to direct PSLRA class actions. Given Mr. Grocher's background, he is not the "most capable of adequately representing the interests of [the] class" and should be disqualified from serving as a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i); *see also Culver,* 277 F.3d at 910 ("the fate of the class members is to a considerable extent in the hands of a single plaintiff").

III.    **GERT-PAUL VAN'T HOFF WILL HAVE TO DEFEND AGAINST ARGUMENTS OVER THE VALIDITY OF HIS ASSIGNMENT FROM PUBLIC INTEREST B.V.**

Mr. Hoff purports to represent the interests of himself and of his "partners" in Public Interest

B.V. by way of an assignment. ECF No. 19-2. The assignment claims that Public Interest B.V. is owned by four Dutch companies: C Van Luijk Holding BV, NL Projects BV, Rener BV, and Tjom Beheer BV. *Id*. The assignment then suggests that these four entities have authorized Public Interest B.V. to assign its claims to Mr. Hoff. *Id*. The assignment, however, does not confirm that these four entities were duly authorized to take his action; indeed, the assignment does not confirm that the four individuals who signed the assignment had authority to act on behalf of these corporate entities. *Id*. For example, while the assignment shows that R. de Bruijn signed on behalf of Tjom Beheer BV, the assignment does not confirm that "R. de Bruijn" was duly authorized to act on behalf of Tjom Beheer BV.

This allows for material uncertainties and risk relating to the validity of the assignment to be present. *See In re SLM Corp. Sec. Litig.,* 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (in rejecting lead plaintiff that sought to rely on an assignment to satisfy Article III standing, observing that "[e]ven if this Court held that the assignment was sufficient to cure lack of standing, the Court of Appeals could hold otherwise."); *Baydale v. Am. Express Co.*, 2009 U.S. Dist. LEXIS 71668, at *9 (S.D.N.Y. Aug. 14, 2009) (rejected the motion of a Swedish institution who had submitted an expert opinion regarding its standing because "even if this Court credited that opinion, [the movant's] status raises complex and novel issues of law which would require extensive factual and foreign legal analysis. Such a diversion would be a needless litigation sideshow."); *Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America,* 275 F.R.D. 187, 191 (S.D.N.Y. 2011) ("At this stage, however, it is sufficient to note that arguments could be raised regarding [the fund's] third party standing, which subjects it to a unique defense and may prejudice the class.).

*Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.* is illustrative of this point. 2012 U.S. Dist. LEXIS 118693 (D.N.J. Aug. 22, 2012). In *Steamfitters*, the court found that a defective certification (similar to the present assignment) did "not make the requisite

declarations on behalf of" the movants. *Id*. at \*35. In other words, it was "fairly debatable" as to whether the entity possessing the claim in fact wanted to serve as a representative party. *Id*. at \*36. Similarly, Mr. Hoff's assignment is at risk of being invalid insofar as it does not establish that the signatories were duly authorized to sign on behalf of Public Interest B.V.'s corporate shareholders. *Id*. at \*37 (rejecting movant because it was "subject to unique defenses regarding untimely filing and lack of certification").

## IV.    GROCHER/SULLIVAN/HOFF WILL NOT FAIRLY AND ADEQUATELY REPRESENT THE CLASS.

A lead plaintiff is inadequate if he or she "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). "When a member of the purported plaintiff class argues that the presumptive most adequate plaintiff is subject to unique defenses that render it incapable of representing the class, a court does not have to determine that the defense is likely to succeed, but ask simply whether [movant] is likely to be 'subject to' the unique defense to find that an otherwise adequate lead plaintiff has been rebutted, because the time and attention [a plaintiff] would be required to devote to the \* \* \* issue \* \* \* would distract it from the claims of the rest of the class." *Sokolow v. LJM Funds Mgmt.,* 2018 U.S. Dist. LEXIS 107339, at \*22-23 (N.D. Ill. June 26, 2018) (internal quotations removed and alterations in original).

In this case, Grocher/Sullivan/Hoff are subject to different unique defenses that, when considered collectively, suggest strongly that they are not prepared to serve as the lead plaintiffs in this litigation. Mr. Grocher has a track-record of poor decision-making and/or lacking financial judgment that appear to have been concealed from his co-movants. It is unlikely that these co-movants or, for that matter, Mr. Hoff's purported assignors would be willing to work with Mr. Grocher to supervise this litigation. When Mr. Grocher's past and present conduct comes to light, it stands to fracture the group and leave the class at a loss for leadership. These risks do vastly outweigh

any benefits that would be gained by appointing Grocher/Sullivan/Hoff, especially when Brevard/Hlaing stand ready, willing and able.[3]

## V.      THE COURT SHOULD APPOINT BREVARD/HLAING AS THE LEAD PLAINTIFFS.

"If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria," as is the case here, "the court must repeat the inquiry . . . until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). In this instance, that is Brevard/Hlaing, the only remaining movants. Brevard/Hlaing also satisfy the requirements of Rule 23. At the lead plaintiff juncture, "typicality and adequacy of representation are the only relevant considerations." *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.,* 2012 U.S. Dist. LEXIS 161441, at *15 (N.D. Ill. Nov. 9, 2012). In order to rebut the presumption in favor of Brevard/Hlaing, the competing movants must come forward with "proof that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses." *Id*. (citing 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II)). No such proof exists here.

Brevard/Hlaing are typical of the putative members of the class, in that, each purchased securities at prices artificially inflated by the Defendants' misstatements or omissions and suffered losses as a result. *See Lifson v. Assisted Living Concepts, Inc.,* 2012 U.S. Dist. LEXIS 196521, at *3-4 (E.D. Wis. Nov. 14, 2012). Brevard/Hlaing will also adequately protect the interests of the class. The adequacy element is satisfied where the: "(1) [the movants' claims]…are not antagonistic or in conflict with those of the class; (2) [movant] has sufficient interest in the outcome of the case to

---

[3] Assuming *arguendo* that the Court is willing to consider Mr. Sullivan's bid for lead plaintiff separate and apart from Messrs. Grocher and Sullivan, Mr. Sullivan's loss is only $126,782.82 and is therefore less than Brevard/Hlaing. *See McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 280 (E.D. Pa. 2020) (holding "[t]he Group's eleventh-hour willingness to discard [a member]" demonstrates that it is not cohesive); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *15-16 (D. Ariz. Apr. 4, 2008) ("The willingness to abandon the group only suggests how loosely it was put together.").

9

ensure vigorous advocacy; and (3) [movant] is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Id*. at *4-5. Brevard/Hlaing clearly satisfy all of these requirements. Brevard & Hlaing's claims are similar—if not identical—to the claims of the rest of the class. Brevard & Hlaing, having suffered $273,417.76 in losses gives them a compelling interest in recovering their losses and the losses of those suffered by the class. Finally, by choosing experienced counsel in Levi & Korsinsky as proposed lead counsel and Cohen Milstein as proposed liaison counsel, Brevard & Hlaing have further demonstrated their adequacy and ability to represent the class.

The PSLRA expressly provides that a lead plaintiff can be a "person *or group or persons*". *Bristol Cty. Ret. Sys.*, 2012 U.S. Dist. LEXIS 161441, at *5 (emphasis in original). Brevard/Hlaing, a small group of just two investors, are committed to representing the interests of the class and is a cohesive group to adequately serve as lead plaintiff in this Action. *See also Bristol Cty. Ret. Sys.*, 2012 U.S. Dist. LEXIS 161441, at *5; *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, 2012 U.S. Dist. LEXIS 54081, at *23 (N.D. Ill. Apr. 18, 2012). Therefore, Brevard & Hlaing's motion should be granted.

## CONCLUSION

For all of the foregoing reasons, and the reasons set out in their opening motion papers, Brevard/Hlaing respectfully request that the Court appoint them as Co-Lead Plaintiffs for the Class in the Action and approve their selection of Levi & Korsinsky as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: October 22, 2021     Respectfully submitted,

          **COHEN MILSTEIN SELLERS & TOLL PLLC**

          */s/ Carol V. Gilden*
          Carol V. Gilden (Bar No. 6185530)

10

190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: 312-357-0370

*Liaison Counsel for Movants and [Proposed] Liaison
Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton*
55 Broadway, 10th Floor
New York, NY 10006
Phone: (212) 363-7500
aapton@zlk.com
*pro hac vice to be submitted*

*Counsel for Movants and [Proposed] Lead Counsel
for the Class*

11

## CERTIFICATE OF SERVICE

I, Carol V. Gilden, the undersigned attorney, hereby certify that on the 22nd day of October, 2021, I caused to be served a copy of the within and **JACOB BREVARD AND MAY HLAING'S RESPONSE IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** via the Court's CM/ECF system, on all counsel of record.

*/s/ Carol V. Gilden*
Carol V. Gilden

12