**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE KLEIN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-04181-GF |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | Honorable Gary Feinerman |
| ITERUM THERAPEUTICS PLC, COREY N. FISHMAN, and JUDITH M. MATTHEWS, | |
| Defendants. | |

**JACOB BREVARD AND MAY HLAING'S REPLY MEMORANDUM OF LAW TO
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

## **PRELIMINARY STATEMENT**

The Court should appoint Brevard/Hlaing as Co-Lead Plaintiffs. They are the only remaining movants that actually meet the adequacy and typicality requirements of Rule 23, therefore requiring their appointment as Co-Lead Plaintiffs in the Actions.

Brevard/Hlaing questioned Grocher/Sullivan/Hoff's adequacy to serve as Co-Lead Plaintiffs in their opposition brief, which they previewed in correspondence to counsel beforehand. ECF No. 32. Brevard/Hlaing pointed out that Mr. Grocher's present financial status and other obligations appeared likely to interfere with his ability to oversee the litigation of this action. These included federal tax liens, delinquent child support payments, bankruptcy, and civil assault lawsuits presently pending against him. Brevard/Hlaing also questioned whether Mr. Grocher had shared these matters with Messrs. Sullivan and Hoff given that they were omitted from the joint declaration they filed in support of their opening motion papers. Mr. Hoff, for his part, claimed to be acting on behalf of his "partners" in a foreign entity named Public Interest B.V., but the "assignment" on which he relied appeared to be facially invalid as there was no indication that its signatories were authorized to act on behalf of the corporate entities they purportedly represented. As such, Mr. Grocher and Mr. Hoff independently and collectively presented issues, or "unique defenses," that render them inadequate to represent the class.

Grocher/Sullivan/Hoff did not address this in their opposition brief, despite being given notice of the issues before briefing was due, nor did they submit additional information capable of resolving the issues on the motion papers. Instead, Grocher/Sullivan/Hoff argued in rote fashion that they possessed the largest financial interest in the Actions and that Brevard/Hlaing failed to sufficiently rebut the presumption in Grocher/Sullian/Hoff's favor. Other than attacking Ms. Hlaing for being a net seller/net gainer, which her complete trading history shows she is <u>not</u>, Grocher/Sullian/Hoff have not provided any argument evidencing that Brevard/Hlaing do not meet the requirements of Rule 23.

In fact, Brevard/Hlaing are the only movants that satisfy the financial interest requirement and the required *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. Because Brevard/Hlaing meet all the requirements of the PSLRA, they are presumed to be the most adequate lead plaintiff. For these reasons, Brevard/Hlaing's motion should be granted in its entirety.

## ARGUMENT

**I.    GROCHER/SULLIVAN/HOFF HAVE FAILED TO ADDRESS THE ADEQAUCY ISSUES RAISED BY BREVARD/HLAING.**

Brevard/Hlaing attempted to obtain further information from Grocher/Sullivan/Hoff's counsel about Messrs. Grocher and Hoff prior to submitting their opposition brief. Grocher/Sullivan/Hoff's counsel refused to provide any information. Nor did they make any mention of it in their opposition brief. Thus, the parties and the Court are presently without any information in addition to what Brevard/Hlaing provided in opposition, *i.e.*, that Mr. Grocher is subject to extensive federal tax liens and embroiled in other, unrelated lawsuits that are likely to distract him from this litigation and add to his financial strain. Likewise, the parties and the Court are no better off in terms of assessing the validity of Mr. Hoff's assignment.

As Brevard/Hlaing discussed in their opposition brief, class actions "requir[e] careful judicial supervision, because the fate of the class members is to a considerable extent in the hands of a single plaintiff . . . whom the other members of the class may not know and who may not be able or willing to be an adequate fiduciary of their interests." *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002). Lead plaintiff movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23.". *Springer v. Code Rebel Corp.,* No. 16-cv-3492-AJN, 2017 U.S. Dist. LEXIS 29983, at *6 (S.D.N.Y. Mar. 2, 2017). The adequacy inquiry of Rule 23 is an especially important part of the lead plaintiff process because the lead plaintiff will act as a fiduciary for the absent class. *See In re Surebeam Corp.*

*Sec. Litig.,* No. 03 CV 1721JM(POR), 2003 U.S. Dist. LEXIS 25022, at *22 (S.D. Cal. Jan. 5, 2004) ("On more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary."). If the potential lead plaintiff appears "subject to" a unique defense, he or she is ineligible to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Given Mr. Grocher's ongoing personal circumstances and Mr. Hoff's seemingly invalid assignment from Public Interest B.V., their appointment as Co-Lead Plaintiffs would unnecessarily subject the class to risk in the form of "unique defenses" that threaten to become the focus of the litigation. *See In re Surebeam,* 2003 U.S. Dist. LEXIS 25022, at *22 (deeming lead plaintiff group "incapable of serving as lead plaintiff" in light of the potential that one of its members will be "subject to unique defenses"). In short, these unique defenses underscore the "unintended results" that will occur should Grocher/Sullivan/Hoff be appointed lead plaintiff, including "generat[ing] a flurry of otherwise pointless activity that adds nothing to the prompt and fair resolution of disputes." *In re Bally Total Fitness Sec. Litig.,* 2005 U.S. Dist. LEXIS 6243, at *8 (N.D. Ill. Mar. 15, 2005).

II.  **BREVARD/HLAING POSSESS A SUBSTANTIAL FINANCIAL INTEREST IN THE LITIGATION AND ARE OTHERWISE ADEQUATE AND TYPCIAL TO SERVE AS CO-LEAD PLAINTIFFS.**

Brevard/Hlaing sustained losses of over $273,417.76 in connection with their purchases of Iterum shares during the class period. This is a substantial amount of money and more than suffices to ensure their commitment to the litigation of this action. *See Chandler v. Ulta Beauty, Inc.,* No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *17 (N.D. Ill. June 26, 2018) ("Given the significant financial losses claimed by [Brevard/Hlaing], each can be counted on to sufficiently monitor counsel."). Further, on a personal level, Mr. Brevard is a manager of an oil company located in Roselle, New Jersey while Ms. Hlaing has a bachelor's degree in physics and was previously employed at Venture Manufacturing Services where she was a test operator. Their specific

3

backgrounds and experience demonstrate their ability to properly oversee this litigation.

Grocher/Sullivan/Hoff do not dispute Brevard/Hlaing's qualifications or sophistication. Instead, they contend that Ms. Hlaing is a "net seller and net gainer" and therefore disqualified from serving as a lead plaintiff. Ms. Hlaing is neither. After reviewing the opposition brief filed by Grocher/Sullivan/Hoff, Ms. Hlaing provided a complete transaction report in "Account 1" showing that she purchased 881,043 shares of Iterum, 33,295 of which she retained at the end of Class Period. *See* Declaration of Adam M. Apton dated October 29, 2021, Exhibit A (filed herewith). Consequently, Ms. Hlaing is not a "net seller" or a "net gainer," but instead a shareholder who lost a substantial amount of money in connection with Defendants' alleged fraud. *See Id*., Ex, B.

## **CONCLUSION**

For all of the foregoing reasons, and the reasons set out in their opening motion papers and opposition brief, Brevard/Hlaing respectfully request that the Court appoint them as Co-Lead Plaintiffs for the Class in the Action and approve their selection of Levi & Korsinsky as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: October 29, 2021 Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Carol V. Gilden*
Carol V. Gilden (Bar No. 6185530)
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: 312-357-0370

*Liaison Counsel for Movants and [Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton*
55 Broadway, 10th Floor
New York, NY 10006

4

Phone: (212) 363-7500
aapton@zlk.com
*pro hac vice to be submitted*

*Counsel for Movants and [Proposed] Lead Counsel
for the Class*

**CERTIFICATE OF SERVICE**

I, Carol V. Gilden, the undersigned attorney, hereby certify that on the 29th day of October,

5

2021, I caused to be served a copy of the within and **JACOB BREVARD AND MAY HLAING'S REPLY MEMORANDUM OF LAW TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** via the Court's CM/ECF system, on all counsel of record.

*/s/ Carol V. Gilden*
Carol V. Gilden

6