UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ITERUM THERAPEUTICS PLC, et al.,<br><br>Defendants. | Case No. 1:21-cv-04181<br><br><u>CLASS ACTION</u><br><br>Judge Gary Feinerman |

REPLY IN FURTHER SUPPORT OF MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF

4887-2629-1201.v2

## I.      INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to adopt a presumption that the applicant with the largest financial interest in the relief sought by the class that also satisfies the Rule 23 requirements is the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii).   As both remaining lead plaintiff candidates agree, Ian Grocher, Thomas L. Sullivan, and Gert-Paul van' t Hoff (collectively, the "Movants") suffered a threefold greater loss than Jacob Brevard and May Hlaing:



*See* ECF Nos. 19-3, 17-4.  Given this dramatic disparity, it is somewhat surprising that Jacob Brevard and May Hlaing believe that they are the presumptive lead plaintiff.  *See* ECF No. 32 at 1.  Importantly, the presumption in favor of the Movants is only rebuttable upon "proof" – not speculation or innuendo – that they are subject to a unique defense or otherwise incapable of adequately overseeing the case.  Jacob Brevard and May Hlaing have failed to meet that heavy burden here.[1]

---

[1]    On October 22, 2021, Steven Pagliaro and Sean Hegarty filed a Notice of Non-Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel.  *See* ECF No. 31.

Instead, Brevard and Hlaing cast aspersions on Mr. Grocher's ability to adequately oversee this action based on colorfully embellished descriptions of stale, dismissed (or resolved), and irrelevant litigation, none of which have any impact on this case. Brevard and Hlaing's charge that the Assignment of claims Mr. van' t Hoff received from Public Interest B.V. was somehow deficient because of supposedly missing language that is actually in the Assignment – a fact that was made plain to Brevard and Hlaing before their opposition was filed – is similarly misguided. Ultimately, neither argument amounts to the requisite *proof* that the Movants are inadequate or subject to unique defenses. In fact, even assuming *arguendo* that the Court is persuaded by Brevard and Hlaing's arguments against either Grocher or van' t Hoff's Assignment and, as a result, disqualified that member from the Movants' motion, the remaining members *would still* possess a larger loss than the combined losses of Brevard and Hlaing. Indeed, the only way for Brevard and Hlaing to displace the Movants is if the Court excludes *both* Grocher *and* the losses from van' t Hoff's Assignment:



The Movants' motion for appointment as lead plaintiff should be granted.

4887-2629-1201.v2

## II.     ARGUMENT

### A.     The Presumption in Favor of the Movants Has Not Been Rebutted

Pursuant to the PSLRA, the Movants' presumptive status can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  "Courts have made clear, however, that mere speculation is insufficient to rebut the presumption of adequacy." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *5 (S.D.N.Y. Jan. 15, 2021).  Stated differently, "'[m]ere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses.'" *Mullins v. AZZ, Inc.*, 2018 WL 7504312, at *2 (N.D. Tex. Aug. 9, 2018).[2]

### 1.     Mr. Grocher's Litigation History Does Not Affect His Ability to Serve as Lead Plaintiff

Hoping to rebut the presumption in Movants' favor, Brevard and Hlaing contend that Mr. Grocher's adequacy is supposedly impacted by his prior litigation history, all of which is innocuous, notwithstanding Brevard and Hlaing's use of salacious buzzwords in their opposition brief.[3]  This challenge fails for numerous reasons, not the least of which is that "'[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated

---

[2]     Unless otherwise noted herein, all emphasis is added and citations are omitted.

[3]     Counsel for Brevard and Hlaing sought discovery regarding Mr. Grocher (*see* ECF No. 32 at 2), but the PSLRA does not permit discovery of competing movants without first providing a reasonable basis to find that the presumptive lead plaintiff is incapable of adequately representing the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iv).  Because prior litigation like Grocher's here does not affect a lead candidate's ability to serve (as discussed further below), discovery is not appropriate.  Indeed, "[c]ourts must also . . . take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the [PSLRA] was meant to guard against." *In re Cendant Corp. Litig.*, 264 F.3d 201, 270 n.49 (3d Cir. 2001).

4887-2629-1201.v2

unsavory, unethical, or even illegal conduct.'" *Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (quoting 3 *Newberg on Class Actions* §3.68 (5th ed. 2019)); *see also In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *4 (N.D. Ill. Aug. 28, 2012) (rejecting competing movant's argument that presumptive lead plaintiff was inadequate because he is "'an individual investor with a history of poor decision-making'" and has "'had multiple encounters with law enforcement, DUI convictions, and been declared bankrupt'"); *Chupa*, 2020 WL 1032420, at *3 (lead plaintiff movant who pled guilty, was convicted, and sentenced to 97 months in federal prison for robbing a bank with a bomb was a suitable PSLRA lead plaintiff); *Scuderi v. Mammoth Energy Servs., Inc.*, 2019 WL 4397340, at *5 (W.D. Okla. Sept. 13, 2019) (lead plaintiff movant who had previously plead guilty to tampering with public records and had a prior felony conviction on drug charges determined to be an adequate lead plaintiff).

Nor does Brevard and Hlaing's contention that Mr. Grocher's litigation matters will "surely take priority over the litigation of this class action lawsuit given their nature" have any merit. ECF No. 32 at 4. In fact, Brevard and Hlaing fail to inform the Court that the actions involving Grocher have been dismissed, resolved, or have no bearing here. For example, while Brevard and Hlaing highlight Grocher's bankruptcy filing, it was filed over nine years ago – *and was later dismissed* – and cannot possibly interfere with him serving as a lead plaintiff in this case.[4] Similarly, Brevard and Hlaing failed to mention that the February 2016 lawsuit filed by his former tour manager was also *dismissed*. With respect to the remaining litigations, Brevard and Hlaing have *offered no*

---

[4] Moreover, the mere filing of his stale bankruptcy claim "has no bearing on [Mr. Grocher's] ability to serve as lead plaintiff [because] bankruptcy is not a crime, is not evidence of misconduct, and does not end one's ability to earn an income." *Groupon*, 2012 WL 3779311, at *4.

- 4 -

*proof* that these matters will in any way interfere with him serving as a fiduciary for the proposed class.[5]

That said, and as Brevard and Hlaing's counsel is aware, even extremely serious criminal behavior does not necessarily render a movant subject to "unique defenses." Indeed, only recently, Brevard and Hlaing's counsel were successful in securing the appointment of their client as lead plaintiff, an individual who "drove while intoxicated and, while doing so, was involved in an accident involving a fatality" and independently failed to comply with a court summons. *See Posey v. Brookdale Senior Living, Inc.*, No. 3:20-cv-00543, ECF No. 27 at 3 (M.D. Tenn. Sept. 14, 2020). The court agreed with Brevard and Hlaing's counsel that their client was not subject to unique defenses, concluding that "[t]he court does not find that any of these facts is sufficient either to undermine [Levi & Korsinsky LLP client's] showing of Rule 23 adequacy or to rebut the presumption that he is the most adequate plaintiff." *Id*. "Courts **only** disqualify a proposed lead plaintiff because of his prior criminal history if his prior convictions are related to the claims they seek to prosecute on behalf of the proposed class." *Chupa* 2020 WL 1032420, at *3 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004)). To be clear, **none** of Mr. Grocher's prior litigation relates to the securities fraud claims that Grocher (along with Mr. Sullivan and Mr. van' t Hoff) seeks to prosecute on behalf of the proposed class in this action and is therefore not relevant to the determination of Grocher's adequacy as a lead plaintiff. *See, e.g.*, *Pirelli*, 229 F.R.D. at 417 ("Moreover, even if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that

---

[5] The 2013 tax lien was released in 2016 and Mr. Grocher is contesting the 2016 tax lien. Grocher has also resolved the purportedly outstanding child support payments. The stale **allegations** underlying the September 2018 civil lawsuit mentioned by Brevard and Hlaing – a purported accident that took place more than three years ago while Grocher was performing at a hotel – are entirely unrelated to this case and have no impact on his ability to serve as lead plaintiff.

would require Empire's candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here.") (citing cases).[6] Simply put, Brevard and Hlaing have not demonstrated how any of these unrelated actions impact Grocher's ability to serve as a lead plaintiff, other than the fact that they exist.

Ultimately, it remains uncontested that Mr. Grocher is a sophisticated investor with over 10 years of investing experience, with familiarity selecting and overseeing lawyers in connection with his experience as a successful music artist and entrepreneur who has founded and run a number of event production, sponsorship marketing, and talent booking companies. *See* ECF No. 19-4 at ¶2. Further bolstering Mr. Grocher's adequacy is his diligence in selecting a lead counsel with an office in this District and substantial experience in prosecuting securities fraud class actions. *See e.g. Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (Robbins Geller, as sole lead counsel, obtaining a $1.575 billion settlement after 14 years of litigation – the largest securities fraud settlement in Seventh Circuit history.).

---

[6]    Brevard and Hlaing's cases are inapposite. For example, in *Surebeam*, the court determined that a movant was an inadequate lead plaintiff based on "securities industry misconduct," as he was "subject to over sixty complaints to securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments." *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004). In *Johnson*, the lead plaintiff movant not only misrepresented the amount of litigation that he was involved in, but also failed to directly address the litigation when questioned at a deposition. *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 255, 279 (D. Del. 2009). And in *Peregrine*, the lead plaintiff movant was rejected based on conflict of interest grounds due to his employment with the defendant corporation. *In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002). None of Mr. Grocher's prior litigation bears any resemblance to these cases.

4887-2629-1201.v2

Brevard and Hlaing's misleading and incomplete narrative regarding a handful of cases Grocher has been involved in falls woefully short of the requisite ***proof*** necessary to rebut the statutory presumption in favor of appointing the Movants as lead plaintiff.[7]

### 2. Public Interest B.V.'s Assignment Is Valid and Does Not Impact Mr. van' t Hoff's Standing

Brevard and Hlaing also ill-advisedly assert that the Assignment Mr. van' t Hoff received from Public Interest B.V. does not confirm that the four entities which authorized Public Interest B.V. to assign its claims to van' t Hoff had authority to do so, or that the individuals who signed the Assignment had the authority to act on behalf of the four entities. *See* ECF No. 32 at 6-7. As Brevard and Hlaing's counsel was informed before their opposition brief was filed however, the unambiguous language of the Assignment dispels this argument.

As expressly stated in the Assignment ***under penalty of perjury***, each of the signatories has authority to sign on behalf of each entity. *See* ECF No. 19-2 at 12. It is unclear what additional magic words Brevard and Hlaing believe are necessary for the Assignment to be valid, but the law is clear that none are needed. *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814 (N.D. Ill. June 26, 2018), is instructive. In *Sokolow*, a competing lead plaintiff movant argued that a lead plaintiff candidate with 200 assignments could not be appointed lead plaintiff, claiming that there were "serious questions about the validity and propriety of some of the assignments." *Id.* at *7. However, the court determined that the competing lead plaintiff movant failed to explain how the "perceived deficiencies ma[de] the assignments invalid. Each assignment provided by the investment advisors in the Combined Group clearly identifies the entity assigning the claims. . . .

---

[7] Brevard and Hlaing's speculation that Mr. Grocher's litigation history may impact the Movants' "ability to work 'jointly' as a lead plaintiff group" or that Mr. van' t Hoff's business partners in Public Interest B.V. may not wish "to be associated with Mr. Grocher" is just that – speculation. *See* ECF No. 32 at 2, 8.

4887-2629-1201.v2

Furthermore, Michael C. Provine (Member and Chief Compliance Officer of Traditional Capital Management LLC) and Michael P. Riordan (Managing Director of SRS Capital Advisors, Inc.) submitted a joint affidavit representing that the investment advisors have received assignments from their clients." *Id.*

Similarly, here, the Assignment clearly identifies that the four owners of Public Entity B.V. (C van Luijk Holding BV, NL Projects BV, Rener BV, and Tjom Beheer BV) are assigning "any and all claims, demands, and causes of action of any kind whatsoever which the Assignor has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase of Iterum Therapeutics plc securities." *See* ECF No. 19-2 at 12-13. The Assignment further expressly states that each of the four entities "own a 25% stake in Public Interest B.V. and are authorized to make this Assignment." *Id.* Moreover, in the Joint Declaration submitted by the Movants, Mr. van' t Hoff explained that he "suffered substantial losses as a result of my transactions in Iterum securities during the Class Period, along with the transactions of Public Interest B.V., a company that I own along with my three partners. I received an Assignment from Public Interest B.V., transferring all claims, demands, and causes of action from violations under the federal securities laws of the United States of America in connection with its purchase of Iterum securities." *See* ECF No. 19-4 at ¶4. Like in *Sokolow*, the only challenge to van' t Hoff's Assignment is based on speculation, and there is "no reason to conclude that the assignments were forged or signed by unauthorized persons." 2018 WL 3141814, at *7; *see also Roofers' Pension Fund v. Papa,* 2017 WL 1536222, at *5 (D.N.J. Apr. 27, 2017) ("Nor does he provide any substantiated allegation or reason to believe that the Perrigo Group executives' sworn declaration attesting to their ownership is incorrect or false. He has therefore not established a probability that the Perrigo Group would focus much, if any, time during the litigation establishing standing; or that such time would be spent at the expense of issues that are common

- 8 -

4887-2629-1201.v2

and controlling for the rest of the class.").[8]  Without any proof, Brevard and Hlaing's argument

regarding the Public Interest B.V.'s Assignment to van' t Hoff should be rejected.

## III.    CONCLUSION

The Movants have suffered the greatest loss of any movant before the Court and satisfy all

of the PSLRA's lead plaintiff requirements.  Brevard and Hlaing's arguments to the contrary do

not withstand scrutiny.  The Movants' motion should be granted.

DATED:  October 29, 2021                         Respectfully submitted,

                                                 ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 DANIELLE S. MYERS (ILND-GB-5711)
                                                 JENNIFER N. CARINGAL (ILND-GB-286197)
                                                 MICHAEL ALBERT
                                                 JUAN CARLOS SANCHEZ


                                                 s/ Jennifer N. Caringal
                                                 JENNIFER N. CARINGAL

---

[8]    Again, Brevard and Hlaing's cases are readily distinguishable.  In *Steamfitters Local 449 Pension Fund*, the court determined that the presumptive lead plaintiff was subject to a standing challenge because rebutting class members provided actual evidence (in the form of a certification, party admissions, and oral argument statements) that several members of the presumptive lead plaintiff group did not own the securities at issue and did not receive assignments.  *Steamfitters Loc. 449 Pension Fund v. Cent. Eur. Distrib. Corp.*, 2012 WL 3638629, at *10-*12 (D.N.J. Aug. 22, 2012).  In *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009), unlike here, the investment advisor seeking lead plaintiff appointment did not have a valid assignment at the time the court was appointing the lead plaintiff.  And in both *Baydale v. Am. Exp. Co.*, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009), and *Pipefitters Loc. No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191 (S.D.N.Y. 2011), the lead plaintiff candidates did not own the securities at issue and failed to demonstrate that they had authority to bring suit based on the funds they managed.  Here, by contrast, Mr. van' t Hoff purchased Iterum securities in his own account during the Class Period – meaning he has standing in this mater irrespective of the Assignment he validly attained.  *See* ECF No. 19-2 at 7-11.

4887-2629-1201.v2

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4887-2629-1201.v2

# Mailing Information for a Case 1:21-cv-04181 Klein v. Iterum Therapeutics plc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Megan Barriger**
  Megan.Barriger@wilmerhale.com

- **Michael G. Bongiorno**
  Michael.Bongiorno@wilmerhale.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas F. Falkenberg**
  tff@falkenbergives.com,ag@falkenbergives.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)